the procurement of this statement does not seem to have had any connection whatever with the alleged extension. To establish a valid contract for extending the time of the payment of the principal sum secured by the mortgage, it was essential for the defendant to show a consideration. This need not necessarily have been the payment of money, but could consist of mutual stipulations. Olmstead v. Latimer, 9 App. Div. 163, 4 N. Y. Supp. 44; Robertson v. Clocke, 18 App. Div. 363, 46 N. Y. Supp. 87. But we find no consideration of any kind proved in the present case. The arrangement, if any was made, was one which bound the plaintiff to wait a year for her money, but left Miss Hamilton at liberty to pay off the mortgage at once. If the contract had been one under which Miss Hamilton would have been obliged to postpone payment of the principal until the end of the year, in the meantime paying interest thereon, a different question would have been presented.

The judgment should be affirmed, with costs. All concur.

(23 App. Div. 19.)

## WALSH v. ATLANTIC AVE. R. CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. December 7, 1897.)

1. PLEADING AND PROOF—NEGLIGENCE OF STREET RAILROAD.

A complaint alleged that, while plaintiff was driving his cart across a city street, his horses took fright at the rapid approach of one of defendant's cars, and that the cart was thrown against the curb, and plaintiff precipitated to the ground and injured. No collision was charged. At the trial the judge refused to exclude plaintiff's evidence that the car struck the cart wheel, on the ground that it was a mere incident to the cause of action set forth in the complaint. *Held* no error.

2. SAME—CONTRIBUTORY NEGLIGENCE.

If the driver of a cart, while coming up out of an excavation at one side of the street, looks more than 65 feet up the street, to the point where the tracks of a surface-car company turn in from another street, and no car is in sight, he is justified in assuming it safe to drive across the tracks.

Appeal from special term.

Action by William Walsh against the Atlantic Avenue Railroad Company of Brooklyn. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James R. Soley, for appellant.
James D. Bell, for respondent.

GOODRICH, P. J. The defendant runs a line of street cars up Washington street, Brooklyn, turning to the left into Concord street. The complaint alleges that the plaintiff was carting dirt from a cellar which was being excavated on the north side of Concord street, between Washington and Adams streets, and that, while so driving out of the cellar to the street, he looked to see if any car of the defendant was coming along, and could see none; that, when he was about upon the track, he discovered a car "bearing down

upon him at a rapid and furious rate of speed, without stopping or attempting to slow up, and that, finding himself in a position of peril, he immediately swung his horses round to avoid injuries to himself and his property; that by reason of the perilous position said horses were placed in through the negligence and carelessness of the defendant, and the rapid rate of said car, the said horses took fright, started up, shying, throwing the wagon against the curb, precipitating plaintiff from his seat to the ground," and doing him serious injury. It will be observed that it was not alleged that the car collided with the wagon, but at the trial the plaintiff testified:

"I thought to get out of the way, but it struck my hind wheel. My horses bounced right clean up, and struck the forward part of the wheel against the curb, and threw me off."

The defendant's counsel moved to strike out the evidence which related to a collision, as incompetent, irrelevant, and immaterial, and not within the pleadings. The court denied the motion, and stated that no collision was alleged, that the plaintiff was not seeking to recover on the ground of collision, and that such collision was a mere incident of the whole affair. The defendant excepted. No motion was made by the plaintiff to amend the complaint. In the charge, the court said:

"I am not submitting to you the question whether the car came down, and negligently came into collision with this wagon, and thereby caused this injury, but I am submitting to you the cause of action set out in this complaint; that is to say, whether the furious rate of speed of this car, coupled with the attempt of plaintiff to get out of the way, caused the accident."

We think the exception was not well founded. The plaintiff's allegation was that he was thrown from his cart, not by the collision, but by the subsequent striking of the wheel against the curb; and there is evidence to support a finding of the jury that such was the cause of the accident.

The defendant also excepted to the charge that if the plaintiff looked, and there was no car in sight when he drove into the street, then he would not be charged with negligence in going into the street. It was 65 feet from the place where, after the curve from Washington street, the track on Concord street straightens out, to the nearest side of the runway up which the plaintiff drove. If the plaintiff looked towards Washington street, and no car was in sight, either rounding the curve, or on Concord street, he was justified in assuming that it was safe for him to drive into the street, and the exception was not well founded.

The motion to dismiss the complaint was properly denied. There was a very serious conflict of evidence as to the circumstances under which the accident occurred, but a careful examination of the evidence shows that the learned court could not have done otherwise than leave the questions of fact to the jury. To have dismissed the complaint would have been error. The judgment must be affirmed.

CULLEN and HATCH, JJ., concur. BARTLETT and BRADLEY, JJ., concur in the result.